IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DIANN C. NOLAN,

                Plaintiff,

v.                                                     ORDER

CAROLYN W. COLVIN,                           15-cv-319-jdp
    Acting Commissioner of Social Security,

                Defendant.

---

Plaintiff Diann C. Nolan seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, finding her not disabled within the meaning of the Social Security Act. The court held a telephonic hearing on Nolan's motion for summary judgment on February 18, 2016. For the reasons stated more fully at the hearing, the court will deny Nolan's motion and affirm the Commissioner's decision.

Nolan suffers from lower back pain and moderate obesity. The ALJ determined that Nolan had the residual functional capacity (RFC) to perform sedentary work with additional lifting and postural limitations, R. 24-25.[1] He found that although Nolan's limitations precluded her from performing her past work, there were jobs in the economy that she could do. R. 27-28. Nolan contends that the ALJ erred in finding her not disabled for three reasons: (1) he failed to adequately weigh the opinion of her treating psychiatrist, James Mullen, MD; (2) he overstated her abilities in his assessment of her credibility, making his determination patently wrong; and (3) he failed to analyze the impact of her moderate obesity on her other limitations.

---

[1] Record citations are to the administrative record, Dkt. 5.

Dr. Mullen opined that Nolan had limitations in lifting, handling, crouching, and stooping, and that she would be absent from work about three days per month because of her limitations. R. 723-24. The ALJ gave Dr. Mullen's opinion "no more than limited weight" because "the record as a whole lacks objective findings to support the extreme degree of limitation Dr. Mullen has identified." R. 26. The opinion of a treating doctor is entitled to "controlling weight" as long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence." 20 C.F.R. § 404.1527(d)(2). Where an opinion is not well supported, an ALJ may give it lesser weight by applying the factors of § 1527(c) and by explaining his reasoning. The ALJ could have provided more details of the inconsistencies that he found with the objective evidence. But, viewing the ALJ's opinion as a whole, the conflict between Dr. Mullen's opinion and the rest of the record is clear. In particular, Dr. Mullen's opinion is at odds with the opinion and the treatment records of Dr. Kirkhorn, Nolan's primary care provider.

The ALJ also found that Nolan's daily activities demonstrated that her physical capabilities exceeded the restrictions that Dr. Mullen laid out in his opinion. Nolan contends that the ALJ failed to acknowledge that Nolan's daily activities were severely limited. For example, the ALJ pointed out that Nolan could walk and garden; but Nolan counters that she could only walk 200 feet, and that she had to garden only while sitting on a cart. Nolan has not, however pointed to any feature of the RFC that is inconsistent with the limits articulated by Dr. Mullen—with one exception. The ALJ apparently discredited Dr. Mullen's opinion that Nolan would miss three days of work per month. That level of absenteeism would preclude competitive employment. *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011). Had the ALJ credited this limitation, Nolan would have been disabled essentially by

definition. It would have been preferable for the ALJ to have expressly provided a reason for rejecting Dr. Mullen's absenteeism opinion. But that opinion is so manifestly at odds with the record as a whole that it would be pointless to remand the case to have the ALJ articulate his reason when so many are readily apparent on the record. *Simila v. Astrue*, 573 F.3d 503, 516 (7th Cir. 2009) (finding that "any error here was harmless given the other reasons the ALJ cited for discounting [the doctor's] opinions"). The ALJ's decision to give Dr. Mullen's opinion only limited weight was not error.

Nolan also contends that the ALJ erred in assessing her credibility. "An ALJ is in the best position to determine the credibility of witnesses." *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008). The court will overturn an ALJ's credibility determination only if it is patently wrong. *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013). Here, the ALJ found Nolan's testimony regarding the impact of her limitations on her functioning "not entirely credible" for three reasons. R. 26-27. The ALJ listed several of Nolan's activities of daily living that he found to be "inconsistent with [her] allegation of disability." R. 27. It would have been better for the ALJ to point out inconsistencies between Nolan's daily activities and her self-reported symptoms, rather than to conclude that her activities of daily living were inconsistent with disability. That type of assessment has been repeatedly rejected. *See, e.g.*, *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000), as amended (Dec. 13, 2000). Despite this ill-conceived comment, the ALJ supported his credibility determination with reasons that Nolan has not fully rebutted. The ALJ detailed her treatment and medication, and he concluded that they seemed to provide Nolan "significant relief of symptoms." *Id.* The ALJ also noted the appraisal of Thomas J. O'Brien, MD, the independent medical examiner hired by the insurance company to evaluate her workers' compensation claim, that Nolan's self-

reports were "out of proportion to the objective [medical] findings." *Id.* Finally, the ALJ considered Nolan's work history and found that Nolan had engaged in considerable work activity until January 19, 2012, despite claiming to be unable to work since April 8, 2011. *Id.* Because the ALJ's credibility determination was supported, it was not patently wrong.

Finally, Nolan contends that the ALJ failed to explicitly consider her moderate obesity and the additional limitations that it posed, as directed by SSR 02-1p. Here, the ALJ found that Nolan's moderate obesity was a severe limitation. R. 23-24. The impact of Nolan's obesity was built in to the opinions of medical sources concerning her physical capabilities. *Prochaska v. Barnhart*, 454 F.3d 731, 737 (7th Cir. 2006). Accordingly, the ALJ incorporated that limitation into Nolan's RFC with postural and movement restrictions. R. 24-25. The ALJ explicitly cited Nolan's obesity as a reason to diminish the weight given to Dr. O'Brien's opinion. R. 26. Nolan has not explained how any additional analysis of her obesity would have affected the RFC. The ALJ's evaluation of Nolan's obesity provides no basis for remand.

Accordingly, IT IS ORDERED that the decision of Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff Diann C. Nolan's application for disability benefits is AFFIRMED and Nolan's appeal is DISMISSED. The clerk of court is directed to enter judgment in favor of the defendant and close this case.

Entered February 19, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge